No. 15,024.

CHRISTIAN ET AL. *v.* FRY, DOING BUSINESS AS NATIONAL MOTOR FINANCE COMPANY.

(118 P. [2d] 459)

Decided October 14, 1941.

Mr. L. E. F. TALKINGTON, for plaintiffs in error.

Mr. S. F. DAVIS, Mr. A. M. LUTZ, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

BY stipulation of the parties the sole question presented herein for decision is, Did the county court err in dismissing the attempted appeal from a judgment of $149.50 rendered in favor of the defendant in error by a Denver justice of the peace?

The motion for dismissal was based upon the grounds (1) that, though the appeal bond was approved and filed on the tenth day after rendition of the judgment, and consequently within the ten days prescribed by the statute, the fees were not fully paid until the following day, and (2) that one of the defendants below, plaintiffs in error here, failed to execute the bond.

The second ground is fully answered by '35 C.S.A., chapter 96, sections 146 and 147, which provide ample procedure for bringing up in appeals from justices of the peace those judgment debtors who do not actually join in the appeal.

The weakness of the first ground of dismissal is revealed by the facts shown in the justice court clerk's affidavit incorporated in the stipulation. It appears therefrom that the defendants paid one dollar as the justice's appeal costs (instead of one dollar *and fifty cents,* the fifty cents being the legal fee for approving the appeal bond) because the clerk, wholly through his own inadvertence, stated the entire required sum to be one dollar. The very next day the clerk notified the defendants' attorney of the error, whereupon the de-

fendants immediately made up the deficit on the same day.

In the circumstances described the first ground does not justify rejection of the defendants' appeal. We are unwilling to allow such a trivial error as was committed by the public officer in the present instance to deprive a litigant of an important right. Aside from all else it would indeed seem to call for the application of the maxim "de minimis non curat lex." The written stipulation's express language, that "the defendants paid to the clerk of the county court the necessary fees to docket the said appeal and the said appeal was properly docketed," seems to us more worthy of the modern liberal spirit of court procedure than the attempt to strike the case from the county court docket—and thus to destroy the right of appeal—by what must be admitted to resemble strongly the technicalities of an older dispensation.

The judgment of the county court dismissing the appeal is reversed and the case is remanded with directions to proceed in the usual way with a trial de novo, reserving to the defendant in error the right to apply for amendment of the appeal bond, if she be so advised.

Judgment reversed with directions.

MR. JUSTICE BAKKE and MR. JUSTICE OTTO BOCK concur. MR. JUSTICE HILLIARD concurs in the conclusion.